IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE SETTLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | No. 03-1167-JDT-egb |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT,
DENYING MOTION TO AMEND § 2255 MOTION AND
DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS*

The Movant, Mike Settle, filed a *pro se* motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) The Court dismissed the motion as untimely and entered judgment. (ECF Nos. 5 & 6.) The Sixth Circuit remanded for consideration of whether the motion was timely in light of the decision in *Day v. McDonough*, 547 U.S. 198 (2006). *Settle v. United States*, No. 04-5916 (6th Cir. Aug. 11, 2006). On remand, this Court again dismissed the § 2255 motion as untimely. (ECF No. 25.) The Sixth Circuit subsequently denied a certificate of appealability. *Settle v. United States*, 07-5844 (6th Cir. Feb. 1, 2008), *cert. denied*, 555 U.S. 1038 (2008). Settle has since filed several unsuccessful motions in the Sixth Circuit seeking to further challenge his federal convictions, and three such motions to file second or successive § 2255 motions are currently pending in the Court of Appeals.[1]

---

[1] *See In re Settle*, No. 17-5040 (6th Cir. Jan. 13, 2017) (motion to file successive § 2255 motion, raising issue based on *Johnson v. United States*, 135 S. Ct. 2551 (2015)); *In re Settle*, No. 16-6611 (6th Cir. Oct. 31, 2016) (motion to file successive § 2255 motion, raising issues of ineffective assistance of counsel); *In re Settle*, No. 16-6609 (6th Cir. Oct. 31, 2016) (motion to file successive § 2255 motion, raising issue under *United States v. Booker*, 543 U.S. 220 (2005)).

On March 28, 2016, Settle filed a motion for relief from judgment in this case pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 67.) He alleges that in denying his § 2254 petition as time barred, the Court erroneously found that the statutue of limitations was not tolled during the pendency of his second state habeas petition because it was not "properly filed" under 28 U.S.C. § 2244(d)(2).

On May 2, 2016, Settle filed a motion for relief from judgment pursuant to Rule 60(b). (ECF No. 41.) He contends that this Court failed to consider whether his trial counsel's ineffective assistance constituted cause for any procedural default of his claims. This appears to be the same or similar to an issue that Settle raised in a prior motion to file a second or successive § 2255, which was denied by the Sixth Circuit. *In re Settle*, No. 16-2536 (6th Cir. July 1, 2016).

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym*

*Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Settle asserts that his motions for relief from judgment are based on newly discovered evidence. The mere fact that Settle did not think to raise these additional arguments until now does not mean they are "new evidence." Therefore, he is not entitled to relief under subsection (2) of Rule 60(b).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The Sixth Circuit, in denying leave to file a successive motion on this issue, noted that the Supreme Court cases on which Settle relies are not applicable to his federal conviction. *In re Settle*, No. 15-2536, at *2.

Subsection (b)(6), authorizing the Court to grant a Rule 60(b) motion for "any other reason that justifies relief," is to "be used only in exceptional or extraordinary circumstances" that are not covered under subsections (1)-(5). *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985). "'Exceptional circumstances' under Rule 60(b)(6) means 'unusual or extreme situations where principles of equity mandate relief' and the party must show that absent relief, extreme and undue hardship will result." *United States v. Real Prop. Known and Numbered as 429 S. Main St., New Lexington, Ohio*, 960 F. Supp. 1155, 1160 (S.D. Ohio 1995) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Settle's circumstances do not present the type of "unusual or extreme situation" justifying relief under Rule 60(b)(6).

In addition, Settle's Rule 60(b) motion was not timely filed. Rule 60 provides that "for reasons (1), (2) and (3)" of Rule 60(b), a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Under the remaining subsections, the motion must be made "within a reasonable time." *Id.* The Court entered judgment in this case on June 21, 2007, almost nine years before Settle filed the present Rule 60(b) motion. Therefore, to the extent the motion is based on subsections (1) and (3), it is untimely. Even if the motions are construed as having been brought under subsection (6), the Court finds that Settle's Rule 60(b) motion was not filed within a reasonable time.

On October 17, 2016, Settle also filed a motion to amend the § 2255 motion. (ECF No. 44.) He seeks to assert that his federal prosecution violated the Interstate Agreement on Detainers. However, as the Court has denied relief from the judgment, the § 2255 motion may not be amended. Therefore, the motion to amend is DENIED.

The motions to proceed *in forma pauperis* filed by Settle (ECF Nos. 42 & 45) are DENIED as moot.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE